UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH BOYD,
    PLAINTIFF

V.                              CIVIL ACTION NO. 05-11434-RGS

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, YOUNG
BAE KIM, M.D. and BETH ISRAEL
DEACONESS MEDICAL CENTER,
    DEFENDANTS

## MOTION OF THE DEFENDANTS, YOUNG BAE KIM, M.D. AND BETH ISRAEL DEACONESS MEDICAL CENTER, TO REMOVE THIS MATTER TO THE SUFFOLK SUPERIOR COURT FOR THE CONVENING OF A MEDICAL MALPRACTICE TRIBUNAL

Now come the Defendants, Young Bae Kim, M.D. and Beth Israel Deaconess Medical Center, and request this Honorable Court to remove this matter to the Suffolk Superior Court for the convening of a Medical Malpractice Tribunal.

In support of this Motion, the Defendants state that this is a medical malpractice claim and, therefore, pursuant to Massachusetts General Laws, Chapter 231, Section 60B, the Defendant is entitled to a hearing before a Medical Malpractice Tribunal.

In Austin v. Boston University Hospital, 372 Mass. 654, 659-660 (1977), the Supreme Judicial Court considered the question of what should be done if a Medical Malpractice Action is brought in a court other than the Superior Court. The Supreme Judicial Court stated, "Section 60B states that every Medical Malpractice Action 'shall be heard by a Tribunal.' The Legislature appears to have directed that every such case must be appraised by a Tribunal as defined in Section 60B. There

-2-

is no apparent exception. Thus, if a Medical Malpractice Action is entered in a District or Municipal Court of this Commonwealth and not removed to the Superior Court, it must be transferred to the Superior Court for consideration by Section 60B Tribunal. Thereafter, the case will be subject to trial in the District or Municipal Court. We do not read Section 60B as giving the Superior Court exclusive jurisdiction of Medical Malpractice Actions. For example, if a Medical Malpractice action is subject to transfer to a District Court for trial under G.L. ch. 231, ss. 102C, the action may be transferred for trial in a District Court after a consideration by a Superior Court Tribunal." Id.

The Plaintiff's complaint contains allegations of malpractice against the Defendants, Young Bae Kim, M.D. and Beth Israel Deaconess Medical Center. The Plaintiff contends that the Defendants failed to diagnose cervical cancer resulting in hysterectomy. Such allegations are allegations of "malpractice, error or mistake against a provider of health care" pursuant to G.L. Ch. 231, Sec. 60B. Expert medical testimony is necessary to assess the appropriateness of the treatment and care rendered by the Defendants to the Plaintiff with regard to the diagnosis, causation, and the damages sustained by the Plaintiff.

Wherefore, the Defendants, Young Bae Kim, M.D. and Beth Israel Deaconess Medical Center, request that this Court remove this matter to Suffolk

-3-

Superior Court for the convening of a Medical Malpractice Tribunal.

Respectfully submitted,<br>
By their Attorneys,<br>
<br>
_____<br>
Vincent P. Dunn<br>
BBO# 551034<br>
DUNN AND DUNN<br>
One Union Street<br>
Boston, MA 02108<br>
(617) 523-2950

DATED:        November 23, 2005

CERTIFICATE OF SERVICE

I, Vincent P. Dunn, attorney of record for the Defendants Kim and BIDMC, do hereby certify that copies of the foregoing were this day forwarded by first class mail, postage prepaid, to counsel of record as follows: Christopher Timson, Esq., Howard, Timson & White, 89 Access Road, Suite 29, Norwood, MA 02062.

_____
Vincent P. Dunn
BBO# 551034