UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH BOYD,
    PLAINTIFF

V.                                    CIVIL ACTION NO. 05-11434-RGS

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES, YOUNG
BAE KIM, M.D. and BETH ISRAEL
DEACONESS MEDICAL CENTER,
    DEFENDANTS

ANSWER OF THE DEFENDANT, YOUNG BAE KIM, M.D.,
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
DEFENDANT DEMANDS A MEDICAL MALPRACTICE TRIBUNAL

PARTIES

1.    The Defendant has no personal knowledge of the allegations contained in Paragraph 1 of the Plaintiff's First Amended Complaint.

2.    The Defendant has no personal knowledge of the allegations contained in Paragraph 2 of the Plaintiff's First Amended Complaint.

3.    The Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's First Amended Complaint.

4.    The Defendant has no personal knowledge of the allegations contained in Paragraph 4 of the Plaintiff's First Amended Complaint.

FACTS

5.    The Defendant has no personal knowledge of the allegations contained in Paragraph 5 of the Plaintiff's First Amended Complaint.

6.    The Defendant has no personal knowledge of the allegations contained in Paragraph 6 of the Plaintiff's First Amended Complaint.

7.    The Defendant has no personal knowledge of the allegations contained in Paragraph 7 of the Plaintiff's First Amended Complaint.

8.    The Defendant has no personal knowledge of the allegations contained in Paragraph 8 of the Plaintiff's First Amended Complaint.

-2-

9.  The Defendant denies the allegations contained in Paragraph 9 of the Plaintiff's First Amended Complaint.

## COUNT I
## NEGLIGENCE

10.  The Defendant repeats and realleges the answers to Paragraphs 1 through 9 of the Plaintiff's First Amended Complaint as if specifically stated herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff was not in the exercise of due care, but rather the negligence of the Plaintiff contributed to cause the injury or damage complained of, wherefore the recovery of the Plaintiff is barred in whole or in part, or is subject to diminution.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant says that if the Plaintiff suffered injuries or damage as alleged, such injuries or damage was caused by someone for whose conduct the Defendant was not and is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff assumed the risk of injury and damage and cannot recover in this action.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the negligence of the Plaintiff was greater than the alleged negligence of the Defendant, and that such negligence of the Plaintiff contributed to his or her alleged injuries, and therefore, the Plaintiff is barred from recovery under M.G.L., Ch. 231, § 85.

-3-

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the damages, if any, recovered by the Plaintiff from the Defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L., Ch. 23l, § 85.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that this action has not been brought within the time specified by the General Laws of the Commonwealth.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to assert further affirmative defenses upon the completion of discovery.

## DEMAND FOR JURY TRIAL

THE DEFENDANT, YOUNG BAE KIM, M.D., CLAIMS A TRIAL BY JURY.

By his Attorney,
DUNN AND DUNN

Vincent P. Dunn
BBO# 551034
One Union Street
Boston, MA 02l08
(6l7) 523-2950

DATED:           November 23, 2005

CERTIFICATE OF SERVICE

I, Vincent P. Dunn, attorney of record for the Defendants Kim and BIDMC, do hereby certify that copies of the foregoing were this day forwarded by first class mail, postage prepaid, to counsel of record as follows: Christopher Timson, Esq., Howard, Timson & White, 89 Access Road, Suite 29, Norwood, MA 02062.

Vincent P. Dunn
BBO# 551034