UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**DEBORAH BOYD**

V.                                         CIVIL ACTION NO. **05-11434-RGS**

**YOUNG BAE KIM, M.D., ET AL**

### NOTICE OF SCHEDULING CONFERENCE

STEARNS, D.J.:

    An initial scheduling conference will be held on **WED., AUGUST 27, 2008** at **2:45 P.M.** in accordance with F.R.Civ.P.16(b) and LR 16.1.  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B),(C) and (D) of LR 16.1 to be of the utmost importance. If senior counsel is otherwise engaged with other matters, another attorney from the firm who is familiar with the case may substitute for said senior counsel.   Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C) and (D) of LR 16.1 may result in sanctions under LR 1.3. Counsel for plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court are notified of the scheduling conference date and discovery order.  If there is any attorney who is OUT OF STATE, he or she may contact the clerk to inquire as to whether permission will be granted to participate by telephone at the conference.

                                     **RICHARD G. STEARNS**
                                     **UNITED STATES DISTRICT JUDGE**

DATED:     7-10-08
                              **BY:**

                                     /s/  Mary H. Johnson
                                   _____
                                   DEPUTY CLERK

*******************************************

LR 16.1 PROVIDES:
    (B) <u>OBLIGATION OF COUNSEL TO CONFER</u>:  Counsel for the parties **MUST,**  pursuant to Fed. R. Civ.P. 26(f) confer at a reasonable time prior to  the date of the conference **TO PLAN FOR DISCOVERY AND INITIAL DISCLOSURES.  THIS MEETING BETWEEN COUNSEL IS TO:**
          (1) Prepare an agenda of matters to be discussed at the conference.
          (2) Prepare  a proposed pretrial schedule for the case that includes a plan for discovery, and
          (3) Consider whether they consent to trial by magistrate judge, or agree to go to mediation
          through ADR program sponsored by the Federal District Court;

    (C) <u>SETTLEMENT PROPOSALS</u>:  Plaintiff shall present written settlement proposals to all defendants no later than (10) days before the date of the conference.   Defense counsel shall have conferred with their clients on the subject of settlement before the conference and be prepared to respond to the proposals at the conference.

    (D) <u>JOINT STATEMENT</u>:   The parties are **ORDERED to file, 5  DAYS BEFORE THE CONFERENCE,** a **JOINT STATEMENT** containing a proposed pretrial schedule, **WHICH SHALL INCLUDE:**
          (1)  A joint discovery plan scheduling the time and length for all discovery events that shall:
              (a) conform to the obligation to limit discovery set forth in F.R.Civ.P.26(b);
              (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial;
          (2)  If appropriate, a proposed agreement governing the preservation and production of electronically stored information (ESI), including but not limited to, the extent and duration of  the preservation obligation and the format in which relevant ESI will be produced (native, tagged image file format (TIFF), or portable document format (PDF).  Parties contemplating ESI discovery may wish to consult Mark S. Sidoti and Phillip J. Duffy, ELECTRONIC DISCOVERY AGREEMENTS, New York Law Journal, Dec. 3, 2007, at S8.
          (3)  A proposed schedule for the filing of motions; and
          (4)  Certifications signed by counsel and an authorized representative of each party affirming that each party and that party's counsel have conferred:
              (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation;
              (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.; and
          (5)  If the proposed plan for discovery extends beyond 270 days, a statement of any exceptional circumstances justifying an enlargement of the time the Court will ordinarily permit for discovery and, where appropriate, the filing of dispositive motions.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  **THE PARTIES SHOULD BE AWARE THAT IT IS THE COURT'S PRACTICE <u>NOT</u> TO GRANT ENLARGEMENTS OF THE PRESCRIBED PRETRIAL SCHEDULE BEYOND THE DATE MANDATED FOR TRIAL OR THE FILING OF DISPOSITIVE MOTIONS.**  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

**FAILURE TO COMPLY WITH THE ABOVE MAY RESULT IN SANCTIONS TO BE IMPOSED.**